FILED

01/27/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0516

DA 25-0516

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2026 MT 11N

IN RE THE MARRIAGE OF:

LAURA TUREK,

  Petitioner and Appellant,

and

MARK TUREK,

  Respondent and Appellee.

APPEAL FROM:  District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DR-22-2024-4
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

  Brian J. Miller, Morrison, Sherwood, Wilson & Deola, PLLP, Helena,
  Montana

  For Appellee:

  Garrett R. Norcott, Norcott Legal, Helena, Montana

Submitted on Briefs:  January 7, 2026

Decided:  January 27, 2026

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On July 9, 2025, the District Court issued its Findings of Fact, Conclusions of Law and Order which dissolved the parties' marriage, distributed their assets and debts between them, and set forth a parenting plan. Appellant, Laura Turek (Laura), appeals from the parenting plan set forth therein. We affirm and reverse, in part.

¶3 The parties have three children, aged 17, 15, and 8. There is no dispute that Laura has been the primary residential parent with whom the children have resided and continue to reside with on a near full-time basis. The parenting plan issued by the District Court provides Appellee, Mark Turek (Mark), minimal parenting time of four weeks during the summers and rotation of the Thanksgiving and Christmas holidays. The District Court also ordered that the parties annually alternate the tax deductions for their children starting in 2025, with Laura taking the deductions in odd-numbered years and Mark taking the deductions in even-numbered years.

¶4 Laura asserts the District Court failed to fully consider and apply the best interests of the child statutes in the parenting plan and erred in allowing Mark to claim any child tax deductions as he was in arrears on child support. Contrarily, Mark asserts the District Court weighed conflicting evidence and issued a parenting plan which appropriately addressed

2

relevant parenting factors given that Mark testified he had financially supported the children, and that any issue with child support should be raised with the Child Support Services Division.

¶5 "A district court has broad discretion when considering the parenting of a child, and we must presume the court carefully considered the evidence and made the correct decision." *In re Parenting of G.M.N.*, 2019 MT 18, ¶ 11, 394 Mont. 112, 433 P.3d 715 (internal citation omitted). Section 40-4-212, MCA, provides that a court must determine the parenting plan in accordance with the child's best interests. When reviewing the child's best interests, the court shall consider relevant parenting factors, including but not limited to: the wishes of the child and parents; the child's relationship with the parents; the child's adjustment to home, school, and community; the mental and physical health of all involved; physical abuse by one parent against the other or the child; chemical dependency; continuity of care; the child's development needs; whether a parent knowingly failed to pay birth-related costs or financially support the child; whether the child has contact with both parents; and any adverse effects on the child resulting from continuous parenting plan amendments. Section 40-4-212(1), MCA. Additionally, when analyzing the best interest factors, it is the district court's role to untangle any conflicting evidence. *In re A.F.*, 2003 MT 254, ¶ 24, 317 Mont. 367, 77 P.3d 266. "It is not this Court's function to reweigh conflicting evidence or substitute its judgment regarding the strength of the evidence for that of the district court." *In re Parenting G.M.N.*, ¶ 11. Absent clearly erroneous findings, we will not disturb a district court's decision regarding parenting plans unless there is a

clear abuse of discretion. *In re Parenting of C.J.*, 2016 MT 93, ¶ 13, 383 Mont. 197, 369 P.3d 1028.

¶6 In its July 9, 2025 Findings of Fact, Conclusions of Law and Order, the District Court specifically set forth its best interests analysis pursuant to the § 40-4-212, MCA, factors. On appeal, Laura essentially asks this Court to reweigh the evidence because she feels the District Court did not give enough weight to her concerns that the parties' relationship ended because it was abusive, that in her belief Mark was an active alcoholic, and that the children did not desire to spend time with Mark if he was drinking. We decline to do so as "[i]t is not this Court's function to reweigh conflicting evidence or substitute its judgment regarding the strength of the evidence for that of the district court." *In re Parenting of B.K.*, 2018 MT 217, ¶ 17, 392 Mont. 426, 425 P.3d 703.

¶7 The District Court heard conflicting evidence as to whether Mark continued to abuse alcohol and it fashioned a parenting plan that precluded Mark from consuming any alcohol when the children are in his care. Although Laura asserts there are no teeth to this provision, the children are of sufficient ages to be able to assert any concern about Mark's behavior related to alcohol consumption while in his care—in fact, the parties' oldest child will be an adult by the summer of 2026 when Mark would be entitled to care for the children. Further, Laura has the ability to seek immediate suspension of Mark's parenting and amendment of the parenting plan should Mark exhibit behaviors demonstrating danger to the children while they are in his care.

¶8 The District Court set forth its reasoning as to each of the § 40-4-212, MCA, best interests factors in its Findings and Conclusions—albeit not to the satisfaction of Laura—

4

and committed no abuse of discretion—let alone a clear abuse of discretion—in its parenting plan decision to provide Mark limited, but unsupervised parenting time with the children.

¶9 Laura next asserts the District Court abused its discretion in permitting Mark to claim the children as his dependents in even-numbered years because he was in arrears on his child support.

¶10 We addressed the legal standard for assignment of dependency deductions in *In re Parenting of P.H.R.*, 2021 MT 231, 405 Mont. 334, 495 P.3d 38:

> "[T]he general rule under federal law is that the primary custodial parent is entitled to the dependency deduction." *In re Foreman*, ¶ 42 (citing *In re Marriage of Milesnick*, 235 Mont. 88, 93-94, 765 P.2d 751, 754-55 (1988)); *see* 26 U.S.C. § 152(e); Admin. R. M. § 42.15.403 (2004). Montana courts, however, have jurisdiction to assign tax dependency deductions in dissolution cases if "the allocations would serve the best interests of the children and the parties." *In re Milesnick*, 235 Mont. at 93-94, 765 P.2d at 754-55 (citations omitted) (concluding that "the 1984 changes [to the federal tax code] were not enacted to strip state courts of the power to allocate dependency exemptions between parties to a dissolution action"); *see* Admin. R. M. § 42.15.401(4)(b) (2004) ("If a decree of divorce or legal separation . . . provides that the taxpayer may claim, and the other parent will not claim, a dependent exemption for a child for state income tax purposes, the taxpayer is treated as having provided over half of the child's support for Montana income tax purposes.").

*In re Parenting of P.H.R.*, ¶ 29.

¶11 Upon our review of the record, we find no evidence supporting the assignment of child dependency tax deductions to Mark in even-numbered years and the District Court made no findings in support of its determination. The undisputed evidence is that the children reside on nearly a full-time basis with Laura. Laura is clearly the primary custodial parent. The District Court did not make findings to support how its allocation of the child

5

dependency tax deductions serves the best interests of the parties' children such that the general rule under federal law need not be followed. As such, we determine the District Court erred in assigning the child tax deductions to Mark in even-numbered years and remand to provide Laura be assigned the child tax deductions as the primary custodial parent.

¶12 Finally, Laura requests this case be assigned to another district court judge "to take a fresh look at these facts." We understand Laura is unhappy with the parenting plan issued by the District Court, but we find no basis for substitution of the district court judge in hopes that she can persuade a different judge to reweigh the evidence presented.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ INGRID GUSTAFSON

We Concur:

/S/ KATHERINE M. BIDEGARAY
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE